

## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT KNOXVILLE

| | | |
|---|---|---|
| ALICEIA HOLLIS,<br>　　　　Employee, | ) | Docket No.: 2016-03-0298 |
| v. | ) | |
| KOMYO AMERICA,<br>　　　　Employer, | ) | State File No.: 23307-2016 |
| And | ) | |
| TOKYO MARINE AMERICA INS. CO.,<br>　　　　Carrier. | ) | Judge Lisa Lowe Knott |
| | ) | |

---

## EXPEDITED HEARING ORDER DENYING MEDICAL AND TEMPORARY DISABILITY BENEFITS

---

This matter came before the undersigned Workers' Compensation Judge on the Request for Expedited Hearing filed by the Employee, Aliceia Hollis, pursuant to Tennessee Code Annotated section 50-6-239 (2015) on October 26, 2016. The central legal issue is whether Ms. Hollis sustained an L4-5 disc herniation as a result of her January 18, 2016 work injury. For the reasons set forth below, the Court finds Ms. Hollis has not come forward with sufficient evidence from which this Court concludes that she is likely to prevail at a hearing on the merits that her L4-5 disc herniation arose primarily out of and in the course and scope of her employment.[1]

### History of Claim

Ms. Hollis works as a material handler for Komyo America (Komyo). On January 18, 2016, while moving products from a cart to a packing station, several car hoods tipped over and fell on Ms. Hollis. She testified she injured her back when twisting to avoid being hit by the hoods. She gave immediate notice to her supervisor, Jacob Wilson. The next day, Ms. Hollis requested medical treatment. Komyo provided a panel of physicians, from which Ms. Hollis selected Dr. John Sanabria.

---

[1] A complete listing of the technical record and exhibits admitted at the Expedited Hearing is attached to this Order as an appendix.

On January 19, E. Marks[2] with Dr. Sanabria's office evaluated Ms. Hollis for moderate back pain with shooting and burning sensations. E. Marks assigned restrictions of no heavy pushing/pulling/repetitive bending/stooping and no lifting over 25 pounds. On February 19, Nurse Practitioner Sandy Covino evaluated Ms. Hollis with Dr. Sanabria. On that day, Ms. Hollis reported, "the worst pain is in the buttock but it *hurts from the left lower back down the back of the leg and into the big toe.*" (Emphasis added.) NP Covino noted, "We feel that at this point it is probable that the patient is malingering. For now, she will be given the benefit of the doubt and we will request an MRI of the lumbar spine." (Ex. 5.)

The MRI demonstrated a "broad-based disc protrusion at L4-L5 of indeterminate chronicity." Despite the MRI findings, on March 7, Dr. Sanabria diagnosed Ms. Hollis with lumbar sprain, placed Ms. Hollis at maximum medical improvement, and noted:

> I explained to [Ms. Hollis] that the findings at L4-5 would not be responsible for the pain into her buttocks *as problems at this level would cause pain down the side of her leg into her toes.* It is possible that the advanced degenerative changes in the SI joints could be responsible for her continued pain however, this would be a pre-existing condition and not primarily, a result of the work related strain on January 18, 2016. Since there were no acute findings on MRI which would be responsible for [Ms. Hollis'] condition, it was recommended that she follow up with her primary care physician for further evaluation and management as a non-work-related issue.

*Id.* (Emphasis added.)

Ms. Hollis continued to have back pain. Because of the pain, she saw her primary care physician Dr. Karmi Patel, who referred her to neurosurgeon Dr. Kent Sauter. On April 8, Dr. Sauter evaluated Ms. Hollis and, under "History of Present Illness," noted:

> She was injured on the job January 18, 2016, after some objects fell on her back at work while she was bent over. She complains of left hip pain with pain radiating into left leg and down the medial aspect of the foot and great toe. She never had any back or leg pain prior to this incident.

Dr. Sauter further noted, "It is my impression Ms. Hollis has a left sided L4-5 disc herniation with left sided radiculopathy and the pattern consistent with an L4-5 disc herniation." (Ex. 4.)

On April 27, Dr. Sauter performed back surgery and restricted her from working

---

[2] The provided records do not indicate "E. Marks'" qualifications.

2

for approximately fifteen to sixteen weeks. Dr. Sauter released Ms. Hollis to return to work on July 18 with restrictions of no lifting greater than thirty pounds. (Ex. 4.) Ms. Hollis returned to work for Komyo but testified the work aggravated her back condition. As a result of her current pain, Dr. Sauter took her off work on October 10, 2016, and ordered a repeat MRI.[3]

Ms. Hollis testified that she did not have back problems prior to this incident. She requested medical benefits with Dr. Sauter and temporary total disability benefits from April 8, through July 20, 2016, and October 10, 2016, to the present.

Komyo alleged that Ms. Hollis had a pre-existing back problem. It introduced into evidence records from Cherokee Medical Center and particularly relied upon a March 31, 2009 note that said, "She complains of low back pain present for about five days . . . It goes down her right hip and down her buttock . . . She does have a history of bilateral hip pain in the remote past." (Ex. 5.) Ms. Hollis stated she did not recall that visit and did not receive treatment for back problems from March 31, 2009, up to the date of this incident. Komyo relied upon Dr. Sanabria's opinion that Ms. Hollis' disc herniation was pre-existing and not work-related to support its position Ms. Hollis is not entitled to additional medical and temporary disability benefits.

### Findings of Fact and Conclusions of Law

In order to grant the relief Ms. Hollis seeks, the Court must apply the following legal principles. Ms. Hollis bears the burden of proof on all prima facie elements of her workers' compensation claim. Tenn. Code Ann. § 50-6-239(c)(6) (2015); *see also Buchanan v. Carlex Glass Co.*, No. 2015-01-0012, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *5 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015). She need not prove every element of her claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). At an expedited hearing, Ms. Hollis has the burden to come forward with sufficient evidence from which this Court can determine she is likely to prevail at a hearing on the merits. *Id.*

In this case, the parties do not dispute whether Ms. Hollis sustained a work-related injury on January 19, 2016. Komyo accepted the claim as compensable, provided a panel of physicians, and authorized treatment with Dr. Sanabria's office. The dispute arises over whether Ms. Hollis sustained a lumbar sprain or a herniated disc.

"The opinion of the treating physician, selected by the employee from the

---

[3] At the time of the Expedited Hearing Ms. Hollis did not have the repeat MRI findings. She testified she has an appointment on November 28 to discuss the results with Dr. Sauter.

employer's designated panel of physicians . . . shall be presumed correct on the issue of causation but this presumption shall be rebuttable by a preponderance of the evidence." Tenn. Code Ann. § 50-6-102(13)(E) (2014). However, a trial judge "has the discretion to conclude that the opinion of one expert should be accepted over that of another expert." *Reagan v. Tennplasco*, No. M2005-02020-WC-R3-CV, 2006 Tenn. LEXIS 1209, at *10 (Tenn. Workers' Comp. Panel Dec. 27, 2006). As stated by the Tennessee Supreme Court, "[w]hen faced . . . with conflicting medical testimony . . ., it is within the discretion of the trial judge to conclude that the opinion of certain experts should be accepted over that of other experts and that it contains the more probable explanation." *Thomas v. Aetna Life and Cas. Co.*, 812 S.W.2d 278, 283 (Tenn. 1991) (internal quotation marks omitted).

Here, Dr. Sanabria is the authorized panel physician. Thus, his causation opinion is presumed correct. However, the Court has concerns with Dr. Sanabria's opinion. First, although Ms. Hollis treated with Dr. Sanabria's office from January 19 through March 7, it appears that Dr. Sanabria saw her on one (possibly two occasions). The February 19 note indicates NP Covino was the provider but says, "She was examined with Dr. Sanabria." March 7 is the only visit where Dr. Sanabria was the primary provider to evaluate Ms. Hollis. Second, the Court questions Dr. Sanabria's opinion that "the findings at L5 would not be responsible for the pain into her buttocks as problems at this level would cause pain down the side of her leg into her toes." The Court does so because on February 19, Ms. Hollis reported to NP Covino pain from her left lower back down the back of her leg and into her big toe. It appears to the Court that Dr. Sanabria either did not review Ms. Hollis' prior descriptions of the pain or chose to ignore them. Dr. Sanabria recommended Ms. Hollis follow up with her primary care physician for further evaluation and management of her non-work-related condition.

Ms. Hollis followed Dr. Sanabria's advice and saw her primary care physician, who referred her to Dr. Sauter. Consistent with her prior complaints to Dr. Sanabria's office, Ms. Hollis reported on her first visit to Dr. Sauter complaints of left hip pain radiating into her leg and down to her foot and toe. Ms. Hollis testified that she did not have problems with her back prior to this incident. The Court found her to be a credible witness. Other than the one reference to back and hip pain in a 2009 medical note, Komyo did not provide any other records to support their claim that Ms. Hollis' back condition was pre-existing.

Dr. Sauter's notes contain the history that Ms. Hollis injured her back at work and his impression that she sustained a herniated disc. However, the Court finds that alone is insufficient to establish that Dr. Sauter is of the opinion Ms. Hollis' disc herniation arose primarily out of and in the course and scope of her employment. The fortuitous convergence in a doctor's notes of a diagnosis of a condition, accompanied by a history indicating the employee reported he or she suffered an injury on the job, falls short of the express medical expert opinion on causation that the Workers' Compensation Act

4

requires for the recovery of benefits at even the Expedited Hearing stage of a claim. *See, e.g., James v. Landair Transp., Inc.,* No. 2015-02-0024, 2015 TN Wrk. Comp. App. Bd. 28, at *12 (Tenn. Workers' Comp. App. Bd. Aug. 26, 2015).

Although the Court has concerns about Dr. Sanabria's causation opinion, Ms. Hollis did not provide a rebuttal opinion from Dr. Sauter. As such, the only causation opinion before the Court is Dr. Sanabria's presumed correct causation opinion that Ms. Hollis' herniated disc is not related to her January 19, 2016 work injury. Consequently, the Court holds she is not entitled to medical benefits at this time. Ms. Hollis also sought temporary disability benefits. Based on the Court's holding that Ms. Hollis failed to establish that her herniated disc arose primarily out of and in the course and scope of her employment, she is not entitled to temporary disability benefits at this time.

As a matter of law, Ms. Hollis has failed to come forward with sufficient evidence from which this Court concludes that she is likely to prevail at a hearing on the merits that her herniated disc arose primarily out of and in the course and scope of her employment. Her requests for medical and temporary disability benefits are denied at this time.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Hollis' claim against Komyo America and its workers' compensation carrier for the requested medical and temporary disability benefits is denied at this time.

2. This matter is set for an Initial (Scheduling) Hearing on January 11, 2017, at 10 a.m.

**ENTERED this the 28th day of November, 2016.**

**HON. LISA LOWE KNOTT**
**Workers' Compensation Judge**

Initial (Scheduling) Hearing:

An Initial (Scheduling) Hearing has been set with Judge Lisa Lowe Knott, Court of Workers' Compensation Claims. The parties must call 865-594-0109 or 855-383-0003 toll free to participate in the Initial Hearing. Failure to appear by telephone may result in a determination of the issues without your further participation.

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a filing fee in the amount of $75.00. Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

**APPENDIX**

Technical Record:
- Petition for Benefit Determination, filed March 24, 2016;
- Dispute Certification Notice, filed March 9, 2016;
- Motion to Compel, issued May 16, 2016;
- Order Denying Employer's Motion to Compel, entered May 31, 2016;
- Motion to Reconsider, filed June 7, 2016;
- Response to Motion to Reconsider, filed June 13, 2016;
- Order Denying Employer's Motion to Reconsider, entered June 16, 2016;
- Request for Expedited Hearing, filed July 8, 2016;
- Request for Initial Hearing, filed August 15, 2016;
- Order, entered September 20, 2016;
- Employer's Brief in Opposition to Employee's Petition for Medical Benefits and Temporary Total Disability Benefits, filed October 12, 2016; and
- Agreed Order Allowing Defendant's Attorney Access to Plaintiff's Medical Records and Employment Records, entered October 17, 2016.

The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.

Exhibits:
- EXHIBIT 1: Affidavit of C. Edward Daniel on behalf of Aliceia Hollis;
- EXHIBIT 2: Wage Statement, Form C-41;
- EXHIBIT 3: Panel of Physicians, Form C-42;
- EXHIBIT 4: Komyo's Position Description;
- EXHIBIT 5: Notice of Filing of Medical Records of Kent Sauter, M.D.; and
- EXHIBIT 6: Table of Contents of Medical Records
    - John Sanabria, M.D., pps. 1-14;
    - Cherokee Health Systems, pps. 15-33;
    - Benchmark Physical Therapy, pps. 34-39; and
    - Kent Sauter, M.D.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 28th day of November, 2016.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| C. Edward Daniel, Esq., Employee's Attorney | | | X | eddie@eddiedaniellaw.com |
| Gregory H. Fuller, Esq., Chris G. Rowe, Esq., Employer's Attorney | | | X | ghfuller@mijs.com<br><br>cgrowe@mijs.com |

**PENNY SHRUM, Court Clerk**
**WC.CourtClerk@tn.gov**